THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. CLAUDE F. BURRELL, PLAINTIFF IN ERROR.

Decided March 7, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the plaintiff in error, *Warren Dixon.*

For the state, *John F. Drewen,* prosecutor of the pleas.

PER CURIAM.

The grand jury of Hudson county presented an indictment against the plaintiff in error, based upon the supplement to the Crimes act, passed in 1917 (*Pamph. L., p.* 110), which makes the desertion or willful neglect to support a wife and children by the husband, leaving them in destitute or necessitous circumstances, a misdemeanor. The trial resulted in his conviction, and the court thereupon pronounced the following sentence: "The defendant is sentenced to be confined in jail county farm at hard labor for a period of one year and thence until costs of prosecution are paid. Defendant to furnish a bond of $1,500 to guarantee the payment of $25 a week to his wife through probation officer." The defendant now seeks to have the judgment pronounced upon him reversed for two reasons—*first,* because the state failed to prove by a preponderance of the evidence that he was guilty of a violation of the statute referred to; and *second,* that the sentence pronounced upon him was illegal.

As to the first ground of reversal, our examination of the proofs satisfies us that the jury were entirely justified in finding that the evidence submitted on the part of the state supported the charge laid in the indictment.

As to the second ground of reversal, the prosecutor of the pleas practically admits that the provision with relation to the furnishing of a bond by the defendant was improperly made a part of the sentence. We are inclined to agree with this conclusion. The power of the court to require the furnishing of a bond is a matter not at all involved in the punishment to be inflicted, and this being so the judgment under review should be reversed. Such reversal, however, does not necessitate the retrial of the case. Section 144 of

our Criminal Procedure act (*Comp. Stat., p.* 1867) provides that whenever a final judgment in a criminal case shall be reversed on account of error in the sentence, the court in which such reversal was had may remand the case for the purpose of having a proper judgment rendered by the trial court. The reversal in the present case will be limited to a direction that the trial court render such judgment therein as should have been rendered; and that the record be remitted for that purpose.